## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **MATTHEW ADAMS, on behalf of himself and other similarly situated individuals** | : : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : | |
| **PALL CORPORATION,** | : | |
| **Defendant** | : | **SEPTEMBER 12, 2024** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I.   INTRODUCTION

1.      Employers must pay wages to their employees for all their compensable hours worked. *See Kuebel v. Black & Decker*, 643 F.3d 352, 361 (2d Cir. 2011) ("To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work."). Employers must not utilize time rounding policies that "result over a period of time, in [the] failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). Further, employers must pay their employees wages for the time they know their employees spend working during their meal breaks. *Reich v. Southern New Eng. Telecomm. Corp.*, 121 F.3d 58, 64-65 (2d Cir. 1997) (time spent working during meal breaks is compensable).

2.      Here, Defendant Pall Corporation ("Pall") used a time rounding policy which was not facially neutral and that, "over a period of time," significantly underpaid

Plaintiff and all other hourly workers at its U.S. facilities. Pall rounds employee punches made 14 minutes or less before the shift to the scheduled starting time, but only rounds employee punches made 7 minutes late back to the scheduled starting time.

3.  Further, Pall automatically deducts 30 minutes from its employees' recorded hours on shifts where they qualify for meal breaks, even on shifts where its workers do not take full 30-minute meal breaks. Pall's timekeeping system records employee punches to the minute, so Pall knows when its employees take meal breaks that are shorter than 30 minutes but nevertheless deducts their pay anyway.

4.  Pall's conduct in this regard violates the FLSA and the laws of Connecticut, Massachusetts, and New York. As a result of Pall's policies, it has retained hundreds of thousands of dollars in wages that should have been paid to its hourly employees.

## II. PARTIES

5.  Defendant Pall Corporation is a corporation organized under the laws of New York with a principal office located at 25 Harbor Park Drive, Port Washington, New York. Pall is registered to do business in Connecticut on the Secretary of State's website. Its agent for service in Connecticut is **United Agent Group**, 6 Landmark Sq., 4th Floor, Stamford, CT.

6.  Plaintiff Matthew Adams has worked for Pall as an hourly employee for all or some of the operative limitations period and resides in Connecticut.

7.  Defendant Pall is the employer of the proposed "FLSA Collective" and the "Rounding Class" and "Meal Break Class" as defined herein as that term is defined under the FLSA (29 U.S.C. § 203(d)) and the laws of Connecticut, Massachusetts, and New York.

III.    **JURISDICTION**

8.    This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

9.    This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

10.    This Court has general and specific personal jurisdiction over Pall because the cause of action arose within this District as a result of its' conduct within this District.

11.    Venue is proper in the District of Connecticut because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

12.    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

IV.    **LEGAL PRINCIPLES**

13.    Federal regulations permit employers to maintain "rounding" policies. That regulation provides:

> It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. ***Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work.*** For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

29 C.F.R. § 785.48(b) (emphasis added).

14.    "[A] valid rounding policy must be 'neutral, both facially and as applied.' ***It must allow for rounding both up and down***, so that an employee is sometimes compensated for time not spent working, and sometimes not compensated for time spent

working." *Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1287–88 (10th Cir. 2020)

(quoting *Corbin v. Time Warner Enterprise-Advance/Newhouse Partnership*, *Corbin*,

821 F.3d 1069, 1076-77 (9th Cir. 2016); emphasis added); *Boone v. PrimeFlight Aviation*

*Servs., Inc.*, 2018 WL 1189338, *1, 14 (E.D.N.Y. Feb. 20, 2018 (granting employer's

motion for summary judgment where punches were evenly rounded up or down to the

nearest quarter hour).

15.     "[R]ounding policies have been held to violate § 785.48(b) where they

favor the employer and systematically undercompensate employees." *Boone*, 2018

1189338 at *7 (collecting cases); *Lemus v. Denny's Inc.*, 2013 WL 12307878, *4 (S.D.

Cal. Mar. 21, 2013) ("[A]n employer's rounding practices violate § 785.48(b) if they

systematically undercompensate employees."; collecting cases); C.G.S. §§ 31-71a(3); 31-

76b(2)(A) (Connecticut employers must pay employee wages for all hours worked,

which includes "[a]ll time during which an employee … is employed or permitted to

work[.]"); 454 C.M.R. 27.07 (Massachusetts employers may use rounding practices

"provided that this manner of computing working time averages out over a reasonable

period of time so that an employee is fully compensated for all the time he or she actually

worked."); *Ackerman v. N.Y. Hosp. Med. Ctr. Of Queens*, 7 N.Y.S.3d 327, 328 (N.Y.

App. Div. 2015) (employers may use time rounding practices, but the practice constitutes

an unlawful deduction if it deprives a worker of full compensation for their time

rendered); N.Y. Labor Law § 190 (2024); N.Y. Labor Law § 193 (2024).

16.     An employee's meal break is compensable to the extent that the employee

spends his or her meal break time predominantly for the benefit of the employer. *Reich*,

121 F.3d at 64 ("To be consistent with the FLSA's use of the term "work" as construed in

*Armour* and *Skidmore,* we believe § 785.19 must be interpreted to require compensation for a meal break during which a worker performs activities predominantly for the benefit of the employer."); *Belgada v. Hy's Livery Co.*, 220 Conn. App. 102, 124–25 (2023) ("[W]e conclude that, pursuant to § 31-76b (2) (A), a meal break is not an "hour worked" unless the "employee is required or permitted to work" during that break, and the test for what constitutes "work" is the predominant benefit test."); 454 Mass. Reg. 27.02 ("Working Time does not include meal times during which an employee is relieved of all work-related duties."); *Gordon v. Kaleida Health*, 2009 WL 4042929, *4 (W.D.N.Y. Nov. 19, 2009) (when an employer fails to pay its employees wages for the time they spend working during their meal breaks, they can "seek to recover unpaid or underpaid wages (article six), and unpaid overtime for hours worked in excess of forty per week (article 19 and 12 NYCCRR 142-2.2), by … commencing an action, [under] [N.Y. Lab. Law] §§ 198, 663."; footnote omitted).

17.    An employer may implement a policy to automatically deduct 30 minutes from its employees' hours to account for meal breaks but must nevertheless pay them for any time it knows its employees spend working during meal breaks. *Wolman v. Catholic Health Sys. of Long Island, Inc.,* 2012 WL 566255, at *7-8 (E.D.N.Y. Feb.16, 2012) ("[A]utomatic meal deduction policies are not *per se* illegal. … Rather, it is the *failure* to *compensate* an employee who worked with the employer's knowledge through an unpaid meal break—whether the employee reported the additional time or not—that potentially violates the FLSA.") *Fengler v. Crouse Health Found., Inc.,* 595 F.Supp.2d 189, 195 (N.D.N.Y.2009) ("It is the failure of an employer to compensate employees who work through those unpaid meal breaks, and to police and oversee hourly workers and their

supervisors to ensure that when working through or during unpaid meal breaks they are compensated, that potentially runs afoul of the Act.").

## V.    FACTS

18.    Defendant Pall is principally in the business of "industrial filtration, separation and purification." https://www.pall.com.

19.    Pall maintains facilities throughout the United States, including offices, laboratories, manufacturing plants, warehouses, and distribution centers. Pall has locations in, among other places, Putnam, Connecticut, Westborough, Massachusetts, Port Washington, New York, Cortland, New York, Hauppauge, New York, San Diego, California, DeLand, Florida, New Port Richey, Florida, Pensacola, Florida, Timonium, Maryland, Baltimore, Maryland, Trincor, Pennsylvania, Duncan South Carolina, Fajardo, Puerto Rico, where it employs hourly workers.

### ***Pall's Time Rounding Policy***

20.    Pall maintains an electronic timekeeping system which requires employees to "clock in" and "clock out" and which track its workers' time punches to the minute, including when they punch in and out for meal breaks.

21.    Pall does not pay its employees to the minute, but rather it employs a time rounding policy which rounds an employee's time either up or down to their scheduled starting or ending time based on when the employee is clocking in or out.

22.    Pall's time rounding policy is:

- IN Punch Early – if early 1-14 mins then round to sched start time, otherwise if 15 mins or more early use actual punch time.

- Late – if late 1-7 mins then round to sched start time, otherwise if 8 mins or more late use actual punch time

- OUT Punch Early – if early 1-7 mins then round to sched end time, otherwise if 8 mins or more early use actual punch time

- Late – if late 1-7 mins then round to sched end time, otherwise if 8 mins or more late use actual punch time.

23. Pall invites its employees to arrive early to begin work. The doors to its Connecticut facility are open 24 hours per day and its machines are on when employees arrive.

24. Pall permits its employees to perform their principal activities when they punch in early and is aware that Plaintiff and other workers do perform such work after clocking in early.

25. Pall pays its employees to the minute if they clock in 15 or more minutes before their scheduled shift, meaning it is aware that employees perform compensable work when clocking in early.

26. When Plaintiff punches in early, he frequently begins performing his principal activities for that shift by, among other things, going out to the assembly line and running and operating a machine that produces fiberglass material, or awaiting instruction from his manager as to where to go to perform duties for that shift.

27. Pall's rounding rules favor the employer on their face, especially the first two, which deprive workers of up to 14 minutes of work for arriving early but only gives them up to 7 minutes if arriving late.

28. Pall issues discipline, called "points," to employees who clock in more than five minutes late and who clock out more than five minutes early.

29. Thus, Pall disciplines employees for clocking in or out when the time rounding policy would round in their favor.

30.     For example, if an employee's scheduled starting time was 6:00 p.m. and he clocked in at 6:06 p.m., his punch would round to 6:00 p.m., but he would receive a "point" for his late punch. If that employee's scheduled ending time was 6:00 a.m. and he clocked out at 5:54 a.m., his punch would round to 6:00 a.m., but he would receive a "point" for punching out early.

31.     Below is data pulled from a Plaintiff pay statement from Monday July 24, 2023, to Sunday July 30, 2023:

|          | In    | Rnd.   | Lunch  | Lunch  | Out   | Rnd.   | Total (Pall) | Total (Real) |
|----------|-------|--------|--------|--------|-------|--------|--------------|--------------|
| Mon 7/24 | 5:57a | 6:00a  | 12:44p | 1:11p  | 6:43p | 6:43p  | 12:13        | 12:19        |
| Tue 7/25 | 5:55a | 6:00a  | 12:12p | 12:34p | 6:31p | 6:30p  | 12:00        | 12:14        |
| Wed 7/26 | 5:57a | 6:00a  | 1:29p  | 1:49p  | 6:32p | 6:30p  | 12:00        | 12:15        |
| Thu 7/27 | 6:00a | 6:00a  | 10:33a | 10:50a | 2:36p | 2:30p  | 8:00         | 8:19         |
| Totals   | -0:11 |        | 1:26   |        | -0:09 |        | 44:13        | 45:07        |
| Difference | -0:11 |      | -0:34  |        | -0:09 |        |              | 0:54         |

32.     Pall's rounding policy subtracted twenty (20) minutes from Plaintiff's actual time worked over the course of the week for which it should have paid him overtime.

33.     During the period between September 5, 2022 to March 31, 2024, Pall's rounding policies and practices resulted deprived Plaintiff of pay for approximately 27.6 hours (1656 minutes) worked.[1]

34.     In combination with its disciplinary policies, which prohibit and punish late arrivals and early departures, Pall's rounding policies result in the company depriving its hourly employees of their full wages "over a period of time."

---

[1] Plaintiff has paystubs showing his days worked for much of this period, but not the entire period. The analysis of time records reflected in this paragraph does not include information for the following time periods: 9/19/22 to 9/22/22, 12/23/22 to 07/23/23, 12/07/23 to 01/01/24, and 08/04/24 to the present.

*Pall's Meal Break Procedures*

35.     Pall, as a matter of company policy, automatically deducts 30 minutes from its hourly workers' hours for meal breaks regardless of how long its employees actually spent taking meal breaks.

36.     Pall's hourly workers punch out of the timekeeping system when they begin their meals breaks and punch back in at the conclusion of their meal breaks.

37.     Pall's employees report when they took shorter meal breaks by punching back into the timekeeping system less than 30 minutes after initially punching out for their break.

38.     For example, between July 24, 2023 and July 30, 2023, Plaintiff clocked back in early from his meal break each shift, but Pall automatically deducted 30 minutes as though he took a full break. *See* Paragraph 31 *supra*.

39.     Pall subtracted thirty-four (34) minutes from Plaintiff's actual time worked over the course of that week pursuant to its commonly applied meal break policy for which it should have paid him overtime.

40.     When Plaintiff and the class clocked in early from their meal breaks, it was to go back to work for Pall.

41.     For example, on Monday, August 26, 2024, Plaintiff clocked back into work approximately six (6) minutes into his lunch break to fix a broken machine. The time Plaintiff spent fixing the machine was predominantly for Pall's benefit.

42.     In addition to punching back in, Plaintiff notified his supervisor by email on September 05, 2024 that he had to punch back in early from his meal break to perform work and asked to be paid for that time.

43.     Plaintiff's supervisor, Daniel Angela, responded by email later that day, but did

not confirm that the company would pay him for his work:

> Matt, We are required by law to provide you with a 30 minute meal period if you are
> going to work 5 hours or more. This is the law, not a company policy, and Pall and its
> employees need to adhere to it. If a continuous operation such as Rinse Dry requires
> constant supervision, someone will need to relieve you, or if no one is available,
> schedule your breaks at natural stop points such as between rolls, etc. If you have to
> cut your break short due to an emergency, you are still entitled and required to take a
> continuous 30 minute break. The company is required to provide it. You should never
> be working through your meal period.

44.     Plaintiff did not clock back out on Monday, August 26, 2024 to complete his

meal break.

45.     Despite knowing that Plaintiff clocked back in, performed work, and did not

otherwise get to complete his meal break, Pall still deducted the full 30 minutes for his break and

did not pay him for the work he performed that day:

|  | In | Rnd. | Lunch | Lunch | Out | Rnd. | Total (Pall) | Total (Real) |
|---|---|---|---|---|---|---|---|---|
| Mon 8/26 | 5:55p | 6:00 p | 12:17a | 12:23a | 6:36a | 6:30a | 12:00 | 12:35 |
| Totals |  | -0:05 | 0:06 |  | -0:06 |  |  |  |
| Difference |  | -0:05 | -0:24 |  | -0:06 |  |  | 0:35 |

46.     Pall permits employees to return to work early from its meal breaks.

47.     In addition to himself, Plaintiff is aware of other employees who clock back into

work early from their meal breaks to get back to work.

48.     Pall never instructed Plaintiff that it violated company policy to come back from

his meal breaks early to go back to work.

49.     Accordingly, Pall's time rounding and meal break policies deny affected

employees straight time pay and overtime pay.

## VI.   COLLECTION ACTION ALLEGATIONS

50.     The FLSA Collective is defined as:

*All individuals employed by Pall Corporation as hourly, non-exempt employees anywhere in the United States at any time from September 12, 2021 through the date of final disposition of this matter* ("**FLSA Collective Members**").

40.     At all times hereinafter mentioned, Pall has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41.     At all times hereinafter mentioned, Pall has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42.     During Plaintiff and the FLSA Collective Members' employment with Pall, these individuals provided services for Pall involving interstate commerce for purposes of the FLSA.

43.     In performing the operations described above, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44.     Plaintiff and the FLSA Collective Members are individual employees who are or were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

45.     Plaintiff and the FLSA Collective Members are non-exempt hourly employees of Pall who assisted its customers throughout the United States. 29 U.S.C. § 203(j).

46.     Consistent with Pall's policies and practices, Plaintiff and the proposed FLSA Collective Members were not paid for all premium overtime compensation when they worked beyond forty (40) hours in a workweek.

47.     Pall intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA by failing to pay Plaintiff and the FLSA Collective Members, for all premium overtime wages for hours that they worked off-the-clock in excess of forty (40) hours per workweek.

48.     Pall knows that its rounding policy is not neutral and favors it in the long run.

49.     Pall ensures that its rounding policy works to its benefit by disciplining employees when their early or late time punches would benefit them.

50.     Pall knows that its employees do not always take full thirty-minute unpaid meal breaks but deducts a full thirty minutes from their pay as though they had.

51.     Pall knows when an employee takes a meal break that is less than thirty minutes because the precise length of each employee's meal break is recorded by its timekeeping system.

52.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they were or are subject to the same or similar unlawful practices, policy, or plan; and (b) their claims are based upon the same factual and legal theories.

53.     Plaintiff estimates the FLSA Collective includes hundreds of Members.   The precise number should be readily available from a review of Pall's personnel and payroll records.

## VII.   CLASS ACTION ALLEGATIONS

54.     Plaintiff brings his allegations pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other individuals who are or were employed by Pall as hourly employees in Connecticut at any time during the period of two years prior to the filing of this action through the date of its resolution; in Massachusetts at any time during the period of three years prior to the filing of this action through the date of its resolution; and in New York at any time during the period of six years prior to the filing of this action through the date of its resolution.

55.     The "*Rounding Class*" is more specifically defined as any and all individuals employed by Pall as hourly workers in Connecticut, Massachusetts, and New York during the statutory period in those states who were subject to Pall's time rounding policy.

56.     The "*Meal Break Class*" is more specifically defined as any and all individuals employed by Pall as hourly workers in Connecticut, Massachusetts, and New York during the statutory period in those states who had 30 minutes automatically deducted from their hours worked for meal breaks, even when their time punches reflect that they did not take full 30-minute meal breaks.

57.     The Classes are composed of hundreds of people, the joinder of whom is impracticable except by means of a class action.

58.     There are questions of law and fact common to the Classes, including (a) whether Pall's time rounding policies paid Plaintiff and the Rounding Class "in full" in accordance with State law?; (b) Whether Pall's rounding policies deprived Plaintiff and the Rounding Class "over a period of time," of pay for all hours worked?; (c) Whether Pall violated state law by automatically deducting a full thirty minutes from Plaintiff's and the

Meal Break Class' hours and not paying them reported taking shorter than 30 minute meal breaks?; and (d) Whether Pall has a good faith belief that its conduct complied with state law?

59.     The claims and defenses of the representative Plaintiff, given the uniformity of Pall's policies, are typical of the claims and defenses of the Classes.

60.     Plaintiff and his attorneys will fairly and adequately represent and protect the interest of the Classes.

61.     Plaintiff does not have any interests antagonistic to those of the Classes.

62.     Common questions of law and fact predominate over any questions affecting only individual members, and thus a class action is superior to other available methods for fairly and efficiently adjudicating the controversy under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

63.     Class action status for Connecticut, Massachusetts and New York employees is appropriate because these states have similar laws and Pall's policies in those states is identical. *See Quint v. Vail Resorts, Inc.,* 2022 WL 4550087, at *2 (D. Colo. July 8, 2022) (denying motion to dismiss employment claims under state law brought for states where named plaintiffs did not live or work); *Rodriguez v. PPG Indus., Inc.*, 2023 WL 2435476, at *6 (W.D. Pa. Jan. 27, 2023), *report and recommendation adopted in part, rejected in part,* 2023 WL 2422189 (W.D. Pa. Mar. 9, 2023).

64.     A class action is the superior method of adjudicating the Classes' claims. The damages for some Class Members, although not *de minimis*, may be so small as to make the expense and burden of individual litigation impractical and redress of these Class Members' harms impossible absent a class action.

65.     Plaintiffs and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein.

## COUNT I
### Violation of the FLSA for Failure to Pay Overtime Compensation

66.     All previous paragraphs are incorporated as though fully set forth herein.

67.     At all times relevant to this action, Pall maintained a rounding policy that is facially advantageous to itself and as applied deprives Plaintiff and the FLSA Collective of wages for all their hours worked.

68.     At all times relevant to this action, Pall deducted 30 minutes from Plaintiff and the FLSA Collective's wages for meal breaks even on days its knows that they did not take full 30-minute meal breaks.

69.     In workweeks where Plaintiff and other FLSA Collective members worked forty (40) paid hours or more, the uncompensated work time should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, including shift differential where applicable.  29 U.S.C. § 207.

70.     Pall's violation of the FLSA is knowing and willful as described above.

71.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime, plus an additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees.

## COUNT II

### Violation of State Laws for Failure to Pay Overtime Compensation

72.     All previous paragraphs are incorporated as though fully set forth herein.

73.     Plaintiff and the Rounding and Meal Break Class Members are employees protected by the state wage law of all relevant states.

74.     The wage law of all relevant states provide that employers must pay employees at a rate not less than one and one-half times their specified hourly rate for any hours worked above 40 hours in a workweek.

75.     Pall's time rounding and meal break policies deprive Plaintiff and the Rule 23 Class overtime compensation during workweeks where they work over 40 hours.

76.     Defendant Pall owes Plaintiff and the other class members for any unpaid overtime compensation for hours worked above 40 hours in a given workweek pursuant to the damage calculation prescribed by the state wage law of Connecticut, Massachusetts, and New York.

## COUNT III

### Violation of State Laws for Failure to Pay Straight Time Wage Compensation

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     Plaintiff and the Rounding and Meal Break Class Members are employees protected by the state wage law of all relevant states.

79.     Pall's time rounding and meal break policies deprives Plaintiff and the Rounding and Meal Break Class Members straight time compensation during workweeks where they work less than 40 hours.

80.     Defendant owes Plaintiff and the other class members for any unpaid wages in workweeks where they do not work 40 hours pursuant to the damage calculation prescribed by the state wage law of all relevant states.

## DEMAND FOR RELIEF

Wherefore, Plaintiff respectfully requests the following relief from the Court:

A.     An order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.     An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) with respect to Plaintiff's statutory claims (Counts II and III);

C.     An order designating Plaintiff as the Representative of the FLSA Collective (Count I) and the Rounding and Meal Break Class Members classes (Counts II and III) and the undersigned counsel as Class Counsel for the same;

D.     An award of damages and liquidated damages under the FLSA;.

E.     An award of damages and penalty damages under Connecticut law;

F.     An award of damages and treble damages under Massachusetts law;

G.     An award of damages and liquidated damages under New York law;

H.     Award Plaintiff and the Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, and experts' fees and such interest as may be allowed by law;

I.     An incentive award to Plaintiff; and

J.     Grant Plaintiff and the Class Members such other and further relief as the Court may deem just and proper.

Plaintiff, Matthew Adams and all other
similarly situated individuals


By: _____

     Richard E. Hayber, Esq. (#CT11629)
     Thomas J. Durkin, Esq. (#CT30371)
     Hayber, McKenna & Dinsmore, LLC
     750 Main Street, Suite 904
     Hartford, CT 06103
     Tel: (860) 522-8888
     Fax: (860) 218-9555
     rhayber@hayberlawfirm.com
     tdurkin@hayberlawfirm.com
     Attorney for Plaintiffs