**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| MATTHEW ADAMS, on behalf of himself and other similarly situated individuals | : : : : : | |
| Plaintiff, | : : | Case No. 3:24-CV-01467-AWT |
| v. | : : | |
| PALL CORPORATION, | : : | |
| Defendant. | : : | |

**ORDER GRANTING PRELIMINARY APPROVAL TO**
**CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of a

Class Action Settlement (ECF No. 43) and the materials filed with that motion. Defendant does

not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the

motion is GRANTED. The Court ORDERS as follows:

1. <u>Class for Settlement Purposes.</u> The Court grants preliminary approval to

the Parties' proposed class action settlement and preliminarily certifies the following

class for settlement purposes:

> All non-exempt production and manufacturing employees of Defendant who
> worked within the State of New York in at least one workweek between September
> 12, 2018 to March 20, 2026; all non-exempt production and manufacturing
> employees of Defendant who worked within the State of Maryland in at least one
> workweek between September 12, 2021 to March 20, 2026; and all non-exempt
> production and manufacturing employees of Defendant who worked within the
> State of Connecticut in at least one workweek between September 12, 2021 to
> March 20, 2026.

2. <u>Class Representative and Class Counsel.</u> The Court designates Plaintiff

Matthew Adams as the Class Representative, and appoints Hayber, McKenna & Dinsmore,

1

LLC, 750 Main Street, Ste. 904, Hartford, CT 06106, as Class Counsel.

3.    <u>Preliminary Approval of the Settlement Agreement.</u>  The proposed settlement set forth in the Settlement Agreement, upon preliminary review, appears to be a fair, reasonable and adequate resolution of a *bona fide* dispute under the Fair Labor Standards Act and applicable state law. The Court therefore grants preliminary approval to the proposed settlement set forth in the Settlement Agreement.

4.    <u>Settlement Administrator.</u> The Court designates ILYM Group, Inc. as the Settlement Administrator. The Court preliminarily orders that the Settlement Administrator perform settlement administration and distribution duties in accordance with the provisions of the Settlement Agreement.

5.    <u>Fairness Hearing.</u>  A Fairness Hearing will be held on **November 13, 2026 at 2:00 P.M.** to consider whether to grant final approval of the Settlement Agreement.

6.    <u>Notice to the Class.</u>  On or before **August 21, 2026**, the Settlement Administrator shall send, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") in a form substantially similar[1] to the proposed Notice attached as **<u>Exhibit B</u>** to the Settlement Agreement to all Eligible Class Members using each individual's last known address, as provided by Defendant in accordance with the Settlement Agreement. If a Notice is returned to the Settlement Administrator with a forwarding address, the Notice shall be re-mailed by the Settlement Administrator. If a Notice is returned to the Settlement Administrator without a forwarding address, it shall undertake reasonable efforts (such as skip traces) to search for the correct address and shall promptly re-mail the Notice to

---

[1] The Notice states that the final approval hearing will take place at the courthouse in New Haven. However, the Notice should reflect on page one that the court is located in Hartford, Connecticut and on page four that the final approval hearing will take place in the South Courtroom, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103.

any newly found address(es).

7.      Opt-Outs. Members of the Class shall have 60 calendar days following the mailing of the Notice to postmark or submit online via the Settlement Administrator-maintained website a request for exclusion to the Settlement Administrator. Any member of the Class who properly and timely requests exclusion from the Settlement will not be legally bound by the terms of the Settlement Agreement or the final order approving the Settlement.  In contrast, any members of the Class who do not return a valid and timely written request for exclusion will be bound by all terms of the Settlement Agreement and the Order Granting Final Approval, regardless of whether they have objected to the Settlement.

8.      Objections.  Members of the Class shall have 60 calendar days following the mailing of the Notice to postmark or submit online via the Settlement Administrator-maintained website a written objection to the Settlement or its terms. Members of the Class who fail to timely file and serve written objections or notice of intention to appear and object in the manner specified in the Notice will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

9.      Stay. All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Settlement Agreement, are stayed and suspended until further order of the Court, without prejudice to reinstatement to the docket if for any reason the Court does not enter a final order approving the settlement. Pending final approval of the Settlement Agreement, Plaintiff and the Class Members are barred from commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims against Defendant or any of the Released Parties.

10. <u>Terms.</u>  Unless defined herein, the terms used in this Order shall have the same meanings they have in the Settlement Agreement.

11. <u>Settlement Agreement and Order for Settlement Purposes Only.</u>  It is understood that the Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under F.R.C.P. 23 for any purpose other than settlement.

12. <u>Nullification.</u>  This Order will be null and void and of no force or effect if the Settlement Agreement is not finally approved by the Court, or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

13. <u>Summary of Deadlines.</u>

Deadline for Defendants to provide updated Settlement List to Class Counsel and ILYM Group, Inc.: **July 24, 2026**

Settlement Notice Date (Class Notice sent by): **August 21, 2026**

Motion for Final Approval and Application for Attorneys' Fees, Litigation Expenses, and Service Awards: **November 6, 2026**

Request for Exclusion/Opt Out Deadline: 60 days after Class Notice is sent

Objection Deadline: 60 days after Class Notice is sent

Any Reply or Response to Objections: **October 27, 2026**

Final Fairness Hearing: **November 13, 2026**

It is so ordered.

Dated this 26th day of June 2026, at Hartford, Connecticut.


                                        /s/AWT
                              _____
                                   Alvin W. Thompson
                              United States District Judge